IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| D&S HUNTS, LLC<br>901 N Y Street<br>Indianola, Iowa 50225<br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>HUNTER'S EDGE, LLC<br>191 Kelley Road<br>Bainbridge, GA 39817<br>and<br>HUNTER'S EDGE, INC.<br>191 Kelley Road<br>Bainbridge, GA 39817<br>and<br>JAMIE BULGER<br>195 Kelley Road<br>Bainbridge, GA 39817<br><br>　　　　　　　Defendants. | CASE NO.: _____ |

## COMPLAINT

Plaintiff, D&S Hunts, LLC ("D&S Hunts"), hereby states its complaint against

Defendants, Hunter's Edge, LLC, Hunter's Edge, Inc. (individually and/or collectively "Hunter's

Edge") and Jamie Bulger ("Bulger"), as follows:

### NATURE OF THE ACTION

1.　　　D&S Hunts brings this Complaint for a declaratory judgment that United States

Patent Nos. D560,745 and D560,746 (hereinafter the "'745 patent" and the "'746 patent"

respectively) are not infringed by D&S Hunts and are invalid.

### PARTIES

2.　　　D&S Hunts, LLC is an Iowa Limited Liability Company organized and existing

under the laws of the State of Iowa, with a principal place of business at 908 North Y street

Indianola, Iowa 50125.

3.      On information and belief, Hunter's Edge, LLC is a Georgia limited liability

corporation, currently abandoned, with its principal place of business at 191 Kelley Road,

Bainbridge, Georgia, 39817. On information and belief, Hunter's Edge, LLC's members are all

residents of the state of Georgia.

4. On information and belief, Hunter's Edge, Inc. is a Georgia corporation, currently

administratively dissolved, with its principal place of business at 191 Kelley Road, Bainbridge,

Georgia, 39817. On information and belief, Hunter's Edge, Inc's shareholders and officers are all

residents of the state of Georgia.

5.      On information and belief, Jamie Bulger is an adult citizen of Georgia residing at

195 Kelley Road, Bainbridge, Georgia, 39817.

## JURISDICTION AND VENUE

6.      This is a civil action arising primarily under the Patent Act of 1953 codified in

Title 35 of the United States Code §§100 *et seq*.

7.      This matter involves claims arising under the Patent Laws, Title 35 of the United

States Code, for a declaratory judgment of invalidity and non-infringement of the '745 patent

and the '746 patent (collectively the "Patents").

8.      This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to

28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (general jurisdiction for

patent actions). This Court has personal jurisdiction over Defendants by virtue of systematic and

continuous contacts with Iowa and this judicial district.

9.      Jurisdiction is also based on 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment

Act).

10.     Personal jurisdiction over Hunter's Edge is appropriate under Iowa's long arm statute, Iowa Code § 617.3. Hunter's Edge has purposefully directed its activities to the state of Iowa. Hunter's Edge conducts substantial, systematic and continuous business in Iowa. Hunter's Edge markets, offers to sell and sells its products to retailers in Iowa and markets, offers to sell and sells products directly to residents of the state of Iowa. In addition, Hunter's Edge has directed all of its improper claims of infringement that are at issue in this case to D&S Hunts at its facility located in Iowa.

11.     Bulger is the purported inventor on the Patents and claims to have assigned the Patents to Hunter's Edge. Copies of the Patents are attached as Exhibit A.

12.     Personal jurisdiction over Bulger is appropriate under Iowa's long arm statute, Iowa Code § 617.3. Bulger has directed and directly participated in each of the activities by Hunter's Edge in Iowa set forth above in Paragraph 8. Bulger has sufficient contacts with the State of Iowa in his personal capacity as well as an agent for Hunter's Edge to support personal jurisdiction over him in the state of Iowa.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) in that Defendants are subject to personal jurisdiction in this district and therefore reside in this district.

## FACTS AND CLAIMS

14.     D&S Hunts repeats and re-alleges each and every allegation set forth in paragraphs 1-13 above.

15.     This complaint is for declaratory judgment pursuant to 28 U.S.C. § 2201, *et. seq.* and arises under the Patent Laws of the United States, 35 U.S.C. § *I, et. seq.*

16.     Hunter's Edge and Bulger have threatened D&S Hunts in Iowa with a lawsuit

unless D&S Hunts immediately pays them for a license to the Patents. Hunter's Edge and Bulger claim that D&S Hunts' Turkey Fan marketed and sold in Iowa infringes the Patents. D&S Hunts has denied any liability to Hunter's Edge and Bulger and has told them that the Patents are invalid and not infringed. Hunter's Edge and Bulger have improperly asserted rights against D&S Hunts relating to the Patents in the state of Iowa. The assertion of these claims and rights have caused injury to D&S Hunts in Iowa.

17.     Accordingly, an actual controversy now exists between D&S Hunts and Hunter's Edge and Bulger with respect to the alleged infringement of the Patents and the validity and enforceability of the claims of the Patents.

## COUNT I: DECLARATION OF NON-INFRINGEMENT
## OF U.S. PATENT NO. D560,745

18.     D&S Hunts incorporates by reference and realleges Paragraphs 1-17 as if fully set forth herein.

19.     An actual and justiciable controversy exists between D&S Hunts and Defendants as to the infringement of the '745 Patent.

20.     D&S Hunts' manufacture, sale, and offers to sell its decoy in the United States have not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '745 Patent.

21.     The allegations of patent infringement by Hunter's Edge and Bulger have placed a cloud over D&S Hunts' business and are likely to cause D&S Hunts to lose revenues and business opportunities. Defendants' actions and assertions, therefore, will likely cause irreparable injury to D&S Hunts.

22.     D&S Hunts is entitled to a judgment declaring that the '745 Patent is not infringed by D&S Hunts' decoy.

## COUNT II: DECLARATION OF INVALIDITY
## OF U.S. PATENT NO. D560,745

23.     D&S Hunts incorporates by reference and realleges Paragraphs 1-22 as if fully set forth herein.

24.     An actual and justiciable controversy exists between D&S Hunts and Defendants as to the validity of the '745 Patent.

25.     The claims of the patents in suit are invalid for failure to meet one or more of the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103 and 112.

26.     As asserted by Hunter's Edge and Bulger against D&S Hunts' decoy, the '745 Patent is invalid due to lack of novelty.

27.     As asserted by Hunter's Edge and Bulger against D&S Hunts' decoy, the '745 Patent is invalid due to functionality.

28.     As asserted by Hunter's Edge and Bulger against D&S Hunts' decoy, the '745 Patent is invalid due to it being directed to a design for an article which simulates a well known or naturally occurring object.

29.     D&S Hunts is entitled to a judgment declaring that the '745 Patent is invalid.

## COUNT III: DECLARATION OF NON-INFRINGEMENT
## OF U.S. PATENT NO. D560,746

30.     D&S Hunts incorporates by reference and realleges Paragraphs 1-29 as if fully set forth herein.

31.     An actual and justiciable controversy exists between D&S Hunts and Defendants as to the infringement of the '746 Patent.

32.     D&S Hunts' manufacture, sale, and offers to sell its decoy in the United States

have not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '746 Patent.

33.     The allegations of patent infringement by Hunter's Edge and Bulger have placed a cloud over D&S Hunts' business and are likely to cause D&S Hunts to lose revenues and business opportunities. Defendants' actions and assertions, therefore, will likely cause irreparable injury to D&S Hunts.

34.     D&S Hunts is entitled to a judgment declaring that the '746 Patent is not infringed by D&S Hunts' decoy.

## COUNT IV: DECLARATION OF INVALIDITY OF U.S. PATENT NO. D560,746

35.     D&S Hunts incorporates by reference and realleges Paragraphs 1-34 as if fully set forth herein.

36.     An actual and justiciable controversy exists between D&S Hunts and Defendants as to the validity of the '746 Patent.

37.     The claims of the patents in suit are invalid for failure to meet one or more of the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103 and 112.

38.     As asserted by Hunter's Edge and Bulger against D&S Hunts' decoy, the '745 Patent is invalid due to lack of novelty.

39.     As asserted by Hunter's Edge and Bulger against D&S Hunts' decoy, the '745 Patent is invalid due to functionality.

40.     As asserted by Hunter's Edge and Bulger against D&S Hunts' decoy, the '745 Patent is invalid due to it being directed to a design for an article which simulates a well known or naturally occurring object.

41.     D&S Hunts is entitled to a judgment declaring that the '745 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, D&S Hunts, LLC requests judgment against Defendants and respectfully prays that this Court enter orders that:

1.     Declare that D&S Hunts has not committed any act of direct and/or indirect infringement of the '745 Patent or the '746 Patent with respect to products that D&S Hunts makes, uses, offers for sale or sells, including specifically, but not necessarily limited to, D&S Hunts' decoy;

2.     Declare the claims of the '745 Patent and the '746 Patent invalid;

3.     Enjoin Defendants, their agents, servants, employees and attorneys, and all those in active participation or privity with any of them, from charging D&S Hunts or its agents, distributors, or customers with infringement of the '745 Patent or the '746 Patent, and from otherwise using the '745 Patent or the '746 Patent to interfere in any way with D&S Hunts' manufacture, use, offer for sale, or sale of D&S Hunts' decoy;

4.     Find this case exceptional pursuant to 35 U.S.C. § 285, and award D&S Hunts its reasonable attorney fees, expenses, and costs in this action; and

5.     Grant D&S Hunts such other and further relief as the Court deems just and proper.

Dated: March 7, 2016

Respectfully submitted,

By:_____/s/ Brett J. Trout_____
Brett J. Trout, AT0008075
Brett J. Trout, P.C.
516 Walnut St.
Des Moines, IA 50309
Tel: (515)280-1939
Fax: (515)280-7114
trout@BrettTrout.com

*ATTORNEY FOR PLAINTIFF*
*D&S HUNTS, LLC*